# UNITED STATES

*v.*

# WM. A. MERRITT.

---

# UNITED STATES

*v.*

# ROBERT GILES.

---

# UNITED STATES

*v.*

# BENJAMIN F. BUTLER.

---

# UNITED STATES

*v.*

# J. T. CRABBS.

---

# UNITED STATES

*v.*

# EDWARD R. LOWNDES.

---

NOLLE PROSEQUI BY PROSECUTING ATTORNEY.

1. In the absence of statutory provision the weight of judicial authority seems to be that the prosecuting attorney has the right before trial to enter a *nolle* of an indictment.

2. The court certainly should not refuse such a motion when made, unless it has knowledge of improper reasons therefor, as it is made by an officer acting upon his oath and under his official responsibility.

April 27, 1903.

### United States v. Merritt.

*Mr. N. B. K. Pettingill,* District Attorney, for the plaintiff.

*Messrs. Savage, Dexter, & Hord,* and *Keedy* for defendants.

HOLT, Judge, delivered the following opinion:

The United States attorney has entered a *nolle prosequi* as to the foregoing five indictments, and moves that they be dismissed. The reason given in writing by him is that he does so under instructions of the Attorney General of the United States, who, by § 362, United States Revised Statutes (U. S. Comp. Stat. 1901, p. 208), exercises general supervision over the United States district attorneys as to the manner of discharging their duties. The indictments are for violations of the United States customs revenue laws.

The motion is a declaration that the district attorney will not further prosecute the cases. If sustained, it is not a bar to another prosecution, but is only a withdrawal of the present proceeding.

In the early judicial history of the common law, it was declared by a judge distinguished for his wisdom in criminal law (Lord Holt) that it was the province of the attorney general to *nolle* cases, and not that of the court. A practice has, however, grown up in some jurisdictions of requiring the consent of the court to a dismissal. In some of the states of the United States it has been provided by statute that no indictment shall be dismissed without the court's consent. It would seem, from being requisite by statute in some jurisdictions, that it is not requisite generally. So far as a defendant is concerned, a prosecuting attorney may enter a *nolle* at any time before a jury is impaneled. Various courts have held that the question of

dismissal is subject to their control after the trial has once begun, and that the prosecution cannot then be dismissed without the sanction of the court. Certainly a district attorney has no power to control the action of either a United States commissioner or a grand jury, and prevent consideration of cases by them. It is his duty to assist and advise the grand jury as to the law, and to draw any indictments they may find. Their power is unlimited. There is no United States statute upon the subject; and it would seem, in the absence of one, that, after the finding of an indictment and before a trial is commenced, the district attorney has power to dismiss it. Certainly a court, unless good reason is known to it officially to the contrary, should not refuse his motion. He is a sworn officer of the government. He is charged by law with the duty of conducting its cases on its behalf. He must not merely see that justice is done, but he must zealously guard all the sanctions of law. He should see that no conviction is had save in conformity to law, and should repudiate all chicanery, all unfairness, and all prejudice in the discharge of his high duties. If he shows any favoritism, he violates his oath of office. He must treat all men alike. So far as this court knows, the correct course of duty has been pursued by its district attorney. Every officer is charged with some responsibility, and the duty of saying whether an indictment shall be prosecuted or not is a part of the district attorney's public responsibility. It properly rests with him. It is to be presumed he knows all about the case, while the judge does not.

In United States v. Schumann, 2 Abb. (U. S.) 523, Fed. Cas. No. 16,235, it was said by Justice Field: "After indictment found and until trial commenced, his (the district attorney's) authority may be said to be absolute. He can then abandon the prosecution at his pleasure. He can enter a

United States v. Merritt.

*nolle prosequi* even without the consent of the court. He can do this before the arraignment of the accused; or he may do it after issue joined; he can do it at any time until the jury is impaneled; and after the trial has commenced, he can do it with the consent of the defendant."

It is true, as has been said by some other judicial authority, speaking generally, that a prosecuting attorney has the right before the trial is begun to enter a *nolle* by leave of the court. But even if he has not the right without such leave, yet, as he is acting under official responsibility, a court should not refuse a motion of this character unless it has official knowledge that the motion is based upon some improper reason. In the absence of such knowledge the court should sustain it. Especially should it do so, in my opinion, when the Attorney General of the United States also requests such dismissal. These sworn officers must be presumed to have sufficient reasons for such action. They may be of opinion that the charges cannot be sustained, or that the prosecution of them may, for some reason, result in greater injury than good to the government. The reasons may be of such a character that the good of the state requires they should not be stated. Aside from any power a prosecuting officer may have to dismiss such cases, they cannot well be fully pursued if he feels it to be his duty to abandon them; and of this duty, as a public officer, he must judge. He acts upon his sworn responsibility.

For these reasons the motion is sustained, and these indictments are dismissed.