# UNITED STATES

*v.*

# WILLIAM G. CUTLER.

---

POWERS OF UNITED STATES COMMISSIONER—RELATION OF DISTRICT AT-
TORNEY TO UNITED STATES COMMISSIONER.

1. The duties of United States commissioners were at first limited to tak-
ing acknowledgments and bail. Now he is a magistrate vested with
authority to hear preliminary investigations of charges of crime, and
to discharge or bail the accused. A district attorney cannot control his
action so as to prevent the investigation by him of a criminal charge,
no more than he can control the action of a grand jury.
2. To hold a defendant or his bondsmen liable, however, when told by the
district attorney he need not appear, would be harsh and unjust, where
there was no wilful default, and no indictment found by the grand
jury.

May 25, 1904.

---

HOLT, Judge, delivered the following opinion:

The defendant, Wm. G. Cutler, was, on March 7th, 1904,
brought before Joseph Anderson, Jr., United States commis-
sioner of this court, charged with committing an assault upon
certain parties, at a place within the admiralty jurisdiction of
the court. The preliminary investigation was continued until
March 8th, 1904, and the defendant, Cutler, gave bond in the
sum of $500 for his appearance before said commissioner, at
said time, with F. M. Welty as his surety. The latter is de-
scribed in the body of the bond as the representative of the

United States v. Cutler.

American Colonial Bank; but this must be regarded as merely descriptive of the person, as he signed the bond individually. It recites that the defendant, Cutler, would abide by the order of the commissioner, and not depart from the district without leave; otherwise, the bond would remain in full force.

March 8th, 1904, the investigation was continued until April 11th, 1904, which was the first day of the April, 1904, term of this court, and when a grand jury would be and was convened to consider offenses. Said Cutler then failed to appear, and the commissioner, on April 12th, 1904, certified the matter to the court, asking that a scire facias issue against the surety to show cause why he should not pay the amount of the bond, and also asking that the court order the rearrest of the defendant, Cutler.

The court thereupon referred the matter to the district attorney for a statement by him; and he thereupon filed one; to wit, that the defendant, Cutler, being an officer of the Navy, had, on April 6th, 1904, notified him of a cable order from the Navy Department ordering him to proceed at once to a point in the United States; and the hearing of the case having been continued until the day when the grand jury would meet, and knowing the facts of the case, and having determined it inadvisable to present it to the grand jury, he notified the defendant that he would not further prosecute it; that he might obey the naval order; and that, as his leaving was not voluntary or to avoid his bond, it would not be estreated.

The court has no doubt the district attorney and the commissioner have both acted conscientiously, and as they deemed best and right for the interest of the government; and the question is now presented, what action the court should take upon this state of case.

The office of commissioner was first created by the act of

February 20th, 1812, and his duties were at first limited to taking acknowledgments of affidavits and bail. Since then his powers have been much enlarged. Among other matters, he has as a magistrate been invested with authority to hear preliminary investigations of charges of crime, and to discharge or bail persons, and to exercise functions of the highest importance in the conduct of justice. In the case of the United States v. Schumann, 2 Abb. (U. S.) 523, Fed. Cas. No. 16,235, which was one involving the power of the district attorney to dismiss a case before a commissioner over the latter's objection, Justice Field said in speaking of the commissioner: "For the faithful discharge of his duty in these particulars he alone is accountable. He has no divided responsibility with any other officer of the government nor is he subject to any other's control."

Undoubtedly this is true as to the exercise of his judgment in determining whether an alleged offender shall be held for further investigation, and in the fixing and taking of bail. In these matters the district attorney has no right or power to control him. It is true, however, that he is subject to the control of the court because he is an officer of it. It may assume control of proceedings before him whenever justice so requires. He is an arm of the court, reaching out to execute the preliminary work of securing the presence of offenders for further investigation or trial. His duties relate only to the detention of the accused for further trial, however. He does not determine any question as to guilt or innocence finally; and hence it has been said that his function is ministerial, and not judicial. 1 Bishop, Crim. Proc. § 237.

He is invested with the powers of an examining magistrate; and while it is the duty of the district attorney to conduct prosecutions on the part of the government, he should not attempt to

United States v. Cutler.

control the commissioner, acing within the proper sphere of his duties, or take such action as would in effect do so. He cannot control his action so as to prevent the preliminary consideration of a case by him, any more than he can control the grand jury in their action, but he may *nolle* an indictment.

While, therefore, the court has no doubt the district attorney acted conscientiously, it does not approve of the action taken by him in this case; but, being the government prosecutor, it would be harsh and unjust to hold a defendant or his bondsman liable, when told by him that he need not appear, and that his bond would not be forfeited. There was certainly no wilful default.

Moreover, the defendant was held to appear upon the very day of the meeting of the grand jury; when in session, it and not the commissioner was the proper authority to consider the case; the grand jury might have indicted; and this shows that the defendant properly should have appeared. The record, however, shows that no indictment was found.

Upon this state of case, it is proper in my opinion to overrule the motion for a rule against the surety and to decline to order the rearrest of the defendant.