[No. 19553. Department One. January 5, 1926.]

FRANK REINER, *Appellant*, v. CLARKE COUNTY *et al.,*
*Respondents.*[1]

[1] COUNTIES (43)—PROPOSALS OR BIDS—NOTICE—SUFFICIENCY. A county contract exceeding in amount $2,500, required by Rem. Comp. Stat., to be let to competitive bidding on published notice for not less than three weeks, will be enjoined in a taxpayer's suit, where the notice was published for but seventeen days, although it is not alleged or proven that a substantially lower bid would have been obtained upon a full legal notice.

[2] SAME (44, 47)—ACCEPTANCE OF BIDS—UNAUTHORIZED CONTRACTS—INJUNCTION. County commissioners cannot disregard the mandate of Rem. Comp. Stat., § 6408, to let a contract involving more than $2,500 to the lowest and best bidder, and give resident bidders an advantage of a five per cent differential over non-residents, awarding a contract to a resident although it is three thousand dollars over the lowest bid.

[3] INJUNCTION (35, 43)—PAYMENT OR EXPENDITURE OF PUBLIC MONEY—ILLEGAL CONTRACTS—ACTIONS—DEFENSES—LACHES. A taxpayer's suit to enjoin the letting of a county contract to a high bidder, in violation of Rem. Comp. Stat., § 6408, commenced within sixteen days after the letting of the contract, is within a reasonable time, and it is no defense that the contractor had spent large sums of money in preparing to perform the contract before the suit was brought.

Appeal from a judgment of the superior court for Clarke county, Hall, J., entered August 11, 1925, upon an action by a taxpayer to enjoin a highway contract. Reversed.

[1]Reported in 241 Pac. 973.

*McMaster, Hall & Schaefer,* for appellant.

*Miller, Wilkinson & Miller,* for respondents.

Holcomb, J.—This is an action by a taxpayer of Clarke county, praying an injunction against respondents, the county commissioners, enjoining them from proceeding with an alleged contract with O. D. Wolfe & Company, and from allowing any claims or estimates on account of a certain contract attempted to be entered into between them for the surfacing of about thirteen miles of highway in Clarke county. An injunction was also prayed to enjoin the respondent county auditor from drawing warrants against the general road and bridge fund of the county in payment of claims or estimates made by O. D. Wolfe & Company, or by the county engineer in the operation of the contract. An injunction was also prayed enjoining the county treasurer from paying warrants presented to him against the general road and bridge fund of Clarke county on account of the operation of the contract.

The complaint charges that the county commissioners of Clarke county advertised for bids for the letting of a contract for the improvement of the highway, the bids to be opened on June 8, 1925, at 11:00 a. m.; that on June 8, 1925, the county commissioners met and received the bids, and adjourned until June 9, 1925, at 2:00 o'clock p. m.; that among other bids submitted to the county commissioners was one by O. D. Wolfe & Company, and one by Nick Casciato; that the one by O. D. Wolfe & Company was $2,843.08 higher than the bid submitted by Casciato, and it is alleged that the county commissioners, in letting the contract fraudulently and arbitrarily, without cause or reason, and against the best interests of Clarke county, awarded the contract to O. D. Wolfe & Company, and failed and refused to award it to the lowest and best

bidder, namely Casciato; that the refusal to award the contract to Casciato was not on account of the irresponsibility of Casciato, nor his lack of experience, nor the lack of facilities and equipment on his part for carrying out the contract, but was solely and entirely on the ground and for the reason that Casciato was not a resident of Clarke county, or of this state, while O. D. Wolfe & Company was such resident.

It is further alleged that the contract was entered into between the county commissioners and O. D. Wolfe & Company on June 9, 1925, for the performance of the contract.

It was further alleged that the county commissioners reserved the right to reject any and all bids; that the notice inviting bids was published in the weekly issues of the Clarke County Sun, on May 22, May 29, and June 5, of 1925; the Clarke County Sun being at the time of the publication the official newspaper of Clarke county. The bid of O. D. Wolfe & Company was alleged to be in a total sum of $64,304.83, and that of Casciato in the total sum of $61,461.75.

To the complaint defendants answered, O. D. Wolfe & Company separately answering, and the county officers joining in one answer, separately denying the charges of fraud. The allegations as to the amounts bid by the successful bidder and Casciato were admitted, and the allegations as to the length of time, and the medium in which the notice for bids was published was also admitted. It was denied that the bid of Casciato was the lowest and best bid received. It was also affirmatively alleged by the contractor that, in order to complete the contract as contemplated, it was necessary for the contractor to enter immediately upon the construction of the work, and perform the work during the dry season in a prompt and diligent manner, and that the contractor immediately commenced to make

preparations for the doing of the work, and before the action had been begun the contractor had entered upon the performance of the work, and had expended sums of money aggregating about $25,000; that, if the contractor should be prohibited from completing this contract, it would suffer heavy damages and that the damages are of such nature as are incapable of being reasonably ascertained and estimated in dollars and cents. It is therefore alleged that appellant was guilty of laches in not acting before the contractor had incurred such expenses, and ought to be estopped from claiming that the contract is illegal or void upon the grounds set forth in the complaint.

The complaint was verified by appellant on June 25, 1925, and filed on the same day, which would be sixteen days after the letting of the contract.

After the trial upon the merits to the court, the trial court denied the injunction upon the grounds that there was no allegation or proof that any loss or damage had been or would be sustained by the taxpayers of Clarke county because of the insufficiency of the publication of the call for bids, and that the company to whom the contract was awarded had spent large sums and incurred obligations in carrying out the contract before the suit was instituted. It was thereupon ordered that the action be dismissed, and this appeal results.

Appellant urges that the restraining order should have been granted upon two grounds: (1) insufficiency of the publication of the notice for bids, being only seventeen days while the statute requires three weeks; and (2) abuse of discretion, or failure to exercise discretion on the part of the board of county commissioners in awarding the contract to respondent contractor, when their bid was nearly $3,000 higher than the lowest bid, solely because the lowest bidder was not a resident of this state.

Respondents insist that the insufficiency of the publication of the call for bids was not an issue in the case, inasmuch as there was no charge in the complaint that the letting of the contract was illegal because of lack of sufficient notice; or that respondents had no information of an intention to urge the lack of sufficient time in the publication of the notice for bids for the purpose of sustaining the cause of action.

It is also urged by respondents that there is nothing in this case to show that there was no other publication made of the notice. The officers of respondent admit that the notice was published as and for the time alleged in the complaint, in the official newspaper of Clarke county.

[1] The statute, § 6408, Rem. Comp. Stat., provides that:

"All road construction, improvement or repairs of which the estimated cost shall be two thousand five hundred dollars or more shall be let by contract by the county commissioners on plans and specifications previously prepared by the county engineer under the direction of the board of county commissioners to the lowest and best bidder; . . ."

It also provides that calls for bids shall be made by publication of notice in the official county newspaper for not less than three consecutive weeks prior to the time set by the county commissioners for the opening of bids.

It will be noted that, since the contract involved was for improvements aggregating more than $2,500, competitive bids were required to be called for; and also that the call for bids is required to be made *in the county official newspaper* for not less than three consecutive weeks prior to the time set by the county commissioners for the opening of the bids.

It was alleged and admitted that the call was pub-

lished in the county official newspaper, and that it was published for less than three consecutive weeks prior to the time set for opening bids by the county commissioners.

We have said, more than once, beginning with *Times Publishing Co. v. Everett*, 9 Wash. 518, 37 Pac. 695, 43 Am. St. 865, that agents of municipal corporations must maintain themselves within the law in the matter of awarding contracts, and if, through fraud or manifest error not within the discretion confided in them, they proceed to make a contract which will illegally cast upon taxpayers a substantially larger burden of expense than is necessary, the courts will interfere by injunction to the extent of restricting their action to proper bounds.

To the same effect is *Green v. Okanogan County*, 60 Wash. 309, 111 Pac. 226.

The allegations, admissions and proofs were that the bid of the successful bidder, O. D. Wolfe & Company, was nearly $3,000 in excess of that of Casciato, who submitted the lowest bid. This is a very substantial amount; but the trial judge seems to have thought that appellants should have alleged and proven that, if the full notice required by statute had been given, a substantially lower bid would have been received.

That is no just answer to the omission to comply with the mandatory requirements of the statute. To obtain authority to enter into a valid contract, a board of county commissioners must first comply with the law relating to the calling for bids for contract amounting to more than $2,500.

The case of *Wyant v. Independent Asphalt Pav. Co.*, 118 Wash. 345, 203 Pac. 961, applies to this situation, although respondents think not, because of the fact that in that case respondents say there was a finding that no other publication was made or had. But in this

case the allegations and admissions that the call for bids was published in the county official newspaper, and was short of the time specified by the statute, and no finding of any kind having been made in this case, brings it within the rule in the *Wyant* case, *supra,* where a notice or call for bids for highway improvement under the statute was required to be made for at least two consecutive weeks prior to the date of the letting of the contract, and we held that the statute meant that there should be two full weeks notice between the first publication of the notice and the time of letting the contract.

We therefore conclude that the board of county commissioners was without power or authority to enter into any contract for the letting of the contract in question at the time it attempted to do so.

[2] Another question is involved which we think it our duty to determine because of the facts shown in this case, for the purpose of showing failure to exercise discretion on the part of the board of county commissioners to let the contract to the lowest bidder.

It is true that the call for bids reserved the right to reject any and all bids. This is not a suit by the lowest bidder whose bid was rejected praying any relief on his own behalf. It is purely a case on behalf of the taxpayers seeking relief on their behalf. Hence, most of the cases cited by respondents, which were cases brought by defeated bidders, do not apply to this situation.

It appears from the record introduced of the proceedings before the board of county commissioners that they were reminded by a letter from the county engineer that it was the policy of the board to prefer bidders to the extent of five per cent of the amount in competitive bids, who were residents of the state. The difference between the bids here involved is within the five per cent differential. There is no statute authori-

zing boards of county commissioners to make or give any preference, or adopt any policy giving preference to one bidder over another when required to receive competitive bids, by reason of non-residence or anything else.

Hence, as was said in *Green v. Okanogan County, supra,*

"As boards of county commissioners themselves are but creatures of the statute, they must pursue and exercise the powers conferred on them in strict compliance with the statutes. Only by so doing, can they bind their principal. Contracts entered into in defiance of the manner pointed out by the statutes, *or which have no support in the statutes,* bind no one."

In *Great Northern R. Co. v. Leavenworth,* 81 Wash. 511, 142 Pac. 1155, Ann. Cas. 1916D 239, we held that statutes requiring competitive bidding are enacted to secure competition, to prevent fraud and defeat grafting; to remove as far as possible all criticism and secure the performance of public work at the lowest possible price; that there must be competition where competition is required. It was also held that the terms used in such statutes referring to "competitive bids," "lowest bids," "lowest and best bidder," and "lowest responsible bidder" are all practically interchangeable and synonymous. To make distinctions between such terms would be to draw a very fine line.

When there is no other reason for discrimination between bids, the policy followed by the board of county commissioners in this instance of giving preference to local contractors within five per cent of the amount of the contract is not authorized by law, and is therefore arbitrary. The record shows that, in this case, there was no other ground for the determination by the board of county commissioners that the successful bidder was the lowest and best bidder, and the defeated bidder was

not the lowest and best bidder. The evidence in the case showed that Casciato was in all respects a responsible and reliable bidder.

[3] Nor is there any ground to support the contention of respondents and of the trial court that appellant ought to be estopped because of the fact that the bidder to whom the contract was awarded had expended large sums of money in carrying out the contract before suit was instituted. The suit was instituted within a reasonably short time after the contract was let. It could not well have been prepared within a shorter time. The cases cited by respondents where years elapsed before action was taken, or where another action had been begun of which the complainant in the case before the court had knowledge, and of all the facts at issue therein before his suit was instituted, are not in point. Mere delay and acquiescence alone will not defeat the remedy unless it is continued so long as to defeat the right itself. *Rigney v. Tacoma Light & Water Co.,* 9 Wash. 576, 38 Pac. 147, 26 L. R. A. 425; 2 Pomeroy, Equity Jurisprudence, § 817.

Upon these considerations, we are convinced that appellant showed good cause for injunction, and that the judgment should be reversed and a decree enjoining the execution of the contract on behalf of the county, and in other respects as prayed in the complaint, should be entered.

It is so ordered.

TOLMAN, C. J., ASKREN, FULLERTON, and MAIN, JJ., concur.