[No. 36034.   Department Two.   April 12, 1962.]

EVELYN RUTTER, *Respondent,* v. DOROTHY GRACE RUTTER, *as Executrix, Appellant.*[*]

[*] Reported in 370 P. (2d) 862.

Baker, Mardesich & Griffin, Mathew D. Griffin, and Richard B. Johnson, for appellant.

Rummens, Griffin, Short & Cressman, for respondent.

HAMILTON, J.—This is an appeal from a judgment granting recovery of alimony arrearages and insurance-policy deficiencies against the estate of respondent's former husband, Charles D. Rutter.

On June 14, 1949, respondent and Charles D. Rutter were divorced. After December 8, 1951, Mr. Rutter paid to respondent the sum of $70 per month, whereas the divorce decree stipulated the monthly sum of $150, commencing on that date. The decree further provided that Mr. Rutter should maintain and pay premiums upon certain life insurance, with respondent as beneficiary.

Mr. Rutter died on June 22, 1959, and respondent timely filed a creditor's claim for the alimony arrearages, between December, 1951, and June, 1959, and for insurance-policy deficiencies, created by policy loans to Mr. Rutter. Appellants rejected the claim, and suit was instituted, culminating in trial before the court, sitting without a jury, and judgment favorable to respondent upon both aspects of her claim.

The trial court, in its findings of fact, in addition to the critical dates, events, and amounts involved, found in substance that (a) decedent had "failed and neglected" to pay the alimony arrearages claimed, and (b) the decree of divorce provided decedent was to "maintain and pay" the premiums upon the life insurance with respondent as the "designated beneficiary and not at any time change said beneficiary."

Appellants assign error as follows:

"1. The Court erred when it sustained Respondent's objection to admission of the probate file. . . .

"2. The Court erred in holding that when there is a six-year statute of limitations applicable it pre-empts the field as it may pertain to laches.

"3. The Court erred in holding that Respondent as beneficiary under plaintiff's policies of insurance had a contractual right to the full face amount thereof."

As pointed out by respondent, appellants assign no error to the trial court's findings of fact, either as made or refused. Such findings, then, become the established

facts. *Fain v. Nelson,* 57 Wn. (2d) 217, 356 P. (2d) 302, and cases cited.

██ Furthermore, assignments of error Nos. 2 and 3 are directed to statements, taken somewhat out of context, contained in the trial court's oral decision. Such do not constitute proper assignments of error. *Edward L. Eyre & Co. v. Hirsch,* 36 Wn. (2d) 439, 218 P. (2d) 888; *Fowles v. Sweeney,* 41 Wn. (2d) 182, 248 P. (2d) 400. Neither can such statements, when at variance with the findings, be used to impeach the findings or judgment, although, when consistent therewith, the findings and judgment may be read in their light. *Clifford v. State,* 20 Wn. (2d) 527, 148 P. (2d) 302; *Mertens v. Mertens,* 38 Wn. (2d) 55, 227 P. (2d) 724; *High v. High,* 41 Wn. (2d) 811, 252 P. (2d) 272; *Tacoma v. Humble Oil & Refining Co.,* 57 Wn. (2d) 257, 356 P. (2d) 586.

At best, then, the only issues before this court, with respect to assignments Nos. 2 and 3 (assignment No. 1 depending to some extent upon the determination of assignment No. 2), is whether the findings of fact support the trial court's conclusions of law and judgment.

As to assignment of error No. 2, the specific question would thus appear to be whether, upon the basis of the facts found, the trial court should have concluded, as a matter of law, that the doctrine of laches or estoppel barred alimony arrearages falling within the applicable six-year statute of limitations (RCW 4.16.040). The appellants concede that the trial court correctly applied the statute of limitations to those arrearages beyond the six-year period.

██ At the outset, it is to be borne in mind that, under RCW 11.40.060, respondent's action, in this case, upon her decree, is a civil action, not a part of the probate or divorce proceedings. *Schluneger v. Seattle-First Nat. Bank,* 48 Wn. (2d) 188, 292 P. (2d) 203. It is, therefore, a legal, as distinguished from an equitable, proceeding. Appellants are asserting an equitable defense.

Assuming, *without deciding,* that the doctrine of laches, or equitable estoppel, may be asserted as a defense to the

particular remedy here being pursued by respondent, the basis for its application would appear to be stated in *Luellen v. Aberdeen,* 20 Wn. (2d) 594, 602, 148 P. (2d) 849, as follows:

"The doctrine of laches is a creature of equity and is grounded upon the principles of equitable estoppel. It does not bar an action short of the statute of limitations applicable thereto, unless it is made to appear that, by reason of the delay in asserting a claim, the other party has altered his position or has been otherwise injured by the delay. [Citing cases.]"

 In applying the doctrine, under any circumstances, the following general principles appear apropos:

(a) The burden of proof is upon the party asserting laches. *Johnson v. Schultz,* 137 Wash. 584, 243 Pac. 644. Laches is not applied *sua sponte. Gray v. Reeves,* 69 Wash. 374, 125 Pac. 162; *State ex rel. Kubel v. Plummer,* 130 Wash. 135, 226 Pac. 273.

(b) Mere delay, lapse of time, and acquiescence, standing alone, do not bar a claim short of the statute of limitations. *Gray v. Reeves, supra; State ex rel. Kubel v. Plummer, supra; Reiner v. Clarke Cy.,* 137 Wash. 194, 241 Pac. 973; *State ex rel. Hearty v. Mullin,* 198 Wash. 99, 87 P. (2d) 280; *McKnight v. Basilides,* 19 Wn. (2d) 391, 143 P. (2d) 307; *Luellen v. Aberdeen, supra; O'Connor v. Tesdale,* 34 Wn. (2d) 259, 209 P. (2d) 274; *Gooden v. Hunter,* 56 Wn. (2d) 617, 355 P. (2d) 20.

(c) Generally speaking, where parties are equally at fault, neither can successfully assert laches against the other. *National City Bank v. International Trading Co. of America,* 167 Wash. 311, 9 P. (2d) 81; *McKnight v. Basilides, supra.*

 An examination of the record herein fails to reveal that appellants presented, relied upon, or offered to produce any evidence, beyond inferences created by: (a) the lapse of time; (b) respondent's failure to earlier enforce her claim; (c) the death of Mr. Rutter; and (d) Mr. Rutter's accumulation, prior to his death, of an estate subject to execution.

Decedent's death undoubtedly created some evidentiary problems. To hold, however, upon the bare showing here presented, that the trial court erred in its ultimate conclusion of law, and that respondent's claim is barred by laches, or equitable estoppel, short of the applicable statute of limitations, would be tantamount to barring, as a matter of law, every other such claim, upon a similar showing. Such holding would ignore the basis of respondent's claim, appellants' burden of proof, and the trial court's finding of the decedent's neglect. In short, appellants have not sustained their burden of demonstrating such prejudice, hardship, or injury as would make it inequitable to enforce respondent's claim against Mr. Rutter's estate.

We, accordingly, agree with the trial judge's oral opinion, where he states, "the doctrine of laches and estoppel factually are not applicable here."

Appellants' assignment of error No. 1 deals with the trial court's refusal to admit into evidence the probate file. Appellants' avowed purpose in offering such was to illustrate the property accumulated by decedent, and its availability during his lifetime for levy. Technically, such portions of the file, as bore thereupon, would perhaps be relevant and admissible in support of appellants' defense of laches, or equitable estoppel. However, since property accumulated by the decedent might lend itself as readily to the interpretation that decedent willfully ignored his alimony obligations[1], as to the interpretation that respondent neglected her efforts to enforce them, we fail to see how appellants were, upon the record in this case, materially prejudiced by the court's ruling.

By assignment of error No. 3, appellants challenge the trial court's conclusion of law and judgment, granting to respondent recovery of insurance deficiencies.

The trial court found as a fact, as evidenced by the interlocutory decree of divorce, that decedent was required to " 'maintain and pay the premiums upon the Mutual Life Insurance Company of New York policy of life insurance

---

[1] *Stewart v. Stewart*, 1 Ill. App. (2d) 283, 117 N. E. (2d) 579.

leaving plaintiff [respondent] as the designated beneficiary and not at any time change said beneficiary.' "

Interpreting this provision of the decree, the trial court further found, and concluded, that respondent was entitled to the full face value of the insurance, as opposed to the reduced amount thereof, occasioned by decedent's loans.

Contrary to appellants' assertion in their assignment of error, the trial court, in its oral decision, appears to have premised this conclusion upon the terms of the divorce decree, rather than upon a contractual basis.

While the language of the divorce decree might have been more happily worded, in so far as preserving inviolate the respondent's right to the face value of the insurance, nevertheless, the language would appear sufficiently definite to permit the trial court's conclusion as to its intent. No evidence appears in the record supportive of a different interpretation.

That the trial court's interpretation finds support in reason, as well as precedent, appears from the case of *Hart v. Hart*, 239 Iowa 142, 148 30 N. W. (2d) 748, wherein the Iowa court, in construing almost identical decretal language, with the same result, said:

". . . The decree is clear that defendant shall pay all premiums on this insurance and maintain it in full force and effect. It is a plain violation of the spirit if not the letter of the decree for defendant to have paid some of these premiums merely by borrowing from the insurer and thereby reducing the value of the insurance. . . ."

It is, therefore, our conclusion upon this aspect of the case that the trial court's finding of fact support its conclusion of law and judgment.

Appellants, by way of argument, under assignment of error No. 3, inject the contention that the divorce decree related to one policy of insurance, whereas, in fact, the evidence and the trial court's conclusions of law and judgment affect two policies of insurance.

Unfortunately, such contention may not now be considered by this court, because: (a) upon the record be-

fore us, this issue was not raised in the trial court, *Timm v. Gilliland*, 53 Wn. (2d) 432, 334 P. (2d) 539; (b) no error is assigned to the pertinent finding of fact, *Fain v. Nelson, supra*; and (c) argument unsupported by an assignment of error does not present an issue for review, *Boyle v. King Cy.*, 46 Wn. (2d) 428, 282 P. (2d) 261.

The judgment of the trial court is, accordingly, affirmed in all respects.

FINLEY, C. J., DONWORTH, OTT, and HUNTER, JJ., concur.

\* Reported in 370 P. (2d) 979.