IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| In the Matter of the Parental Rights to | ) | |
| | ) | No. 34588-2-III |
| I.M.[†] | ) | |
| | ) | |
| | ) | UNPUBLISHED OPINION |
| | ) | |

KORSMO, J. — This appeal presents the question of whether a trial court may, on reconsideration, correct its original statement concerning the quantum of proof it was applying to decide an issue at trial. We conclude the trial court could do so and ultimately did apply the correct standard. We affirm the decision to terminate C.J.'s parental rights to his daughter.

## FACTS

The Department of Social and Health Services (DSHS) sought to terminate C.J.'s parental rights to a daughter, I.M. The facts underlying the dependency and termination proceedings need not be discussed at any length in light of the sole issue presented by the appeal. The matter proceeded to trial before the Honorable John Cooney of the Spokane County Superior Court.

---

[†] To protect the privacy interests of I.M., a minor, we use her initials throughout this opinion. General Order of Division III, *In Re the Use of Initials or Pseudonyms for Child Victims or Child Witnesses* (Wash. Ct. App. June 18, 2012), http://www.courts.wa.gov/ appellate_trial_courts/?fa=atc.genorders_orddisp&ordnumber=2012_001&div=III.

Two days after the conclusion of the bench trial, Judge Cooney announced his findings and judgment on the record. He determined that the State had proven the presence of the six statutory factors by clear, cogent, and convincing evidence. Report of Proceedings (RP) at 205-213. He then found that C.J. was unfit to parent by a preponderance of the evidence. RP at 213. At the conclusion of the lengthy recitation, the court asked the parties if there were any questions. Neither party objected. The court ordered C.J.'s parental rights terminated.

The parties prepared written findings of fact and submitted them to the trial judge. The State's proposal used the clear, cogent, and convincing standard for the determination of parental unfitness, while that offered by C.J. used the preponderance of the evidence standard. Clerk's Papers (CP) at 223, 238, 240. Nonetheless, the court's written findings, although submitted by the State, applied the preponderance of the evidence standard. CP at 158, 160-161.

DSHS promptly moved for reconsideration, asking the court to amend its findings to reflect the clear, cogent, and convincing standard. C.J. opposed the request. The court ruled that it had erred as a matter of law by applying the incorrect standard and that DSHS had properly objected. CP at 169. It reconsidered the matter and determined that it was convinced by clear, cogent, and convincing evidence that C.J. was currently unfit to parent I.M. An amended order to that effect soon entered.

2

No. 34588-2-III
*In re Parental Rights to I.M.*

C.J. promptly appealed to this court. A panel considered the matter without argument.

## ANALYSIS

The sole issue presented by this appeal is whether the trial court erred by allowing reconsideration. C.J. argues that the matter should be remanded for a new trial at which the clear, cogent, and convincing standard should be applied to the unfitness issue. We conclude that the trial court did not err in reconsidering its earlier ruling.

In order to terminate the parent-child relationship, the State first must establish the six elements of RCW 13.34.180(1).[1] The trial court then must find by clear, cogent, and convincing evidence that the parent is currently unfit. *In re Welfare of A.B.*, 168 Wn.2d 908, 918, 232 P.3d 1104 (2010). "'Clear, cogent, and convincing evidence' means highly probable." *In re Welfare of M.R.H.*, 145 Wn. App. 10, 24, 188 P.3d 510 (2008). Where a trial court finds all of the elements of the statute by clear, cogent, and convincing evidence, it implicitly finds the parent is unfit by the same standard. *In re Dependency of K.N.J.*, 171 Wn.2d 568, 576-577, 257 P.3d 522 (2011).

---

[1] The State must present evidence establishing that (1) the child has been found to be dependent, (2) the court has entered a dispositional order, (3) the child has been removed from the custody of the parent for at least six months, (4) all the necessary services have been afforded to the parent to correct the parental deficiencies, (5) there is little likelihood of remedying the parental deficiencies, and (6) continuation of the parent-child relationship clearly diminishes the child's prospects of permanent placement. RCW 13.34.180(1).

3

When reconsideration is granted on the basis of error of law, this court reviews the order de novo. *Ramey v. Knorr*, 130 Wn. App. 672, 686, 124 P.3d 314 (2005). CR 59(a) provides nine bases for reconsideration. Here, the trial court relied on CR 59(a)(8).[2] The rule provides that a basis for granting reconsideration is:

> Error in law occurring at the trial and <u>objected to at the time</u> by the party making the application.

(emphasis added).

The underscored language is the focus of C.J.'s appeal since the parties agree that the trial court committed an error of law by initially misapplying the burden of proof. C.J. contends that DSHS did not object "at the time" of the court's oral recitation of its findings and thereby could not take advantage of CR 59(a)(8). We disagree.

CR 52(a)(1) requires trial judges to enter findings of fact and conclusions of law in all cases tried to the bench. The written findings are the court's actual findings; oral remarks have no meaning unless they are included in the written findings. *Ferree v. Doric*, 62 Wn.2d 561, 566-567, 383 P.2d 900 (1963).[3] For that reason, assignments of

---

[2] Although DSHS also cited CR 59(a)(7) in its motion, the trial court did not rely on that provision in issuing its ruling and only applied the error of law standard of CR 59(a)(8). CP at 169. Accordingly, we will not further discuss appellant's CR 59(a)(7) concerns.

[3] "It must be remembered that a trial judge's oral decision is no more than a verbal expression of his informal opinion at that time. It is necessarily subject to further study and consideration, and may be altered, modified, or completely abandoned. It has no final or binding effect, unless formally incorporated into the findings, conclusions, and judgment." *Ferree*, 62 Wn.2d at 566-567.

error directed to oral findings are not proper. *Rutter v. Rutter*, 59 Wn.2d 781, 784, 370 P.2d 862 (1962). Thus, the fact that DSHS did not object during the court's recitation of its findings is of no moment because the oral findings were of no legal consequence.[4]

DSHS did propose findings that contained the proper standard. However, both parties also presented findings consistent with the court's oral remarks, one of which was the one signed by the judge. Once the written findings were filed, the State moved to reconsider. It was not until the written findings entered that there was something against which an objection could be stated. *Id.* We believe that by submitting correct proposed findings, the State preserved this issue for reconsideration and then timely objected when the court instead entered the findings with the erroneous standard.

Although it would have simplified matters immensely if the parties had called the error to the court's attention initially, they were under no obligation to do so until the error was memorialized in writing and became a proper subject to challenge. That was done here in a timely enough fashion for the trial court to review the matter and apply the correct standard to the trial evidence, avoiding an unnecessary retrial. Unlike evidentiary or other trial issues, the error here occurred after the presentation of evidence during the oral recitation of the judgment, a portion of trial that has no place (or need) for formal objection. The State objected as promptly as it could under the circumstances.

---

[4] Similarly, C.J. was under no obligation to object to the court's oral findings in order to preserve his subsequent challenge to the written findings and judgment.

No. 34588-2-III
*In re Parental Rights to I.M.*

The trial court did not err by applying CR 59(a)(8) to correct an error of law once its oral remarks had been reduced to writing. The unchallenged evidentiary findings amply supported the determination that termination of the parent-child relationship was proper.

Affirmed.

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

Korsmo, J.

WE CONCUR:

Siddoway, J.

Pennell, J.