**FILED**
**FEBRUARY 20, 2024**
**In the Office of the Clerk of Court**
**WA State Court of Appeals Division III**

IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| In the Matter of the Estate of | ) | |
| LYLE V. STEPHENS. | ) | No. 38774-7-III |
| | ) | |
| CLARA STEPHENS; KAY STEPHENS; | ) | |
| KIMBERLY BERGQUIST; and KRISTIE | ) | |
| HULL, | ) | |
| Petitioners, | ) | |
| | ) | UNPUBLISHED OPINION |
| TERRY STEPHENS, | ) | |
| | ) | |
| Appellant, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| KAREN STEPHENS, | ) | |
| Respondent. | ) | |

FEARING, C.J. — This appeal involves a sibling quarrel over distribution of a

deceased father's estate. In this Trust and Estate Dispute Resolution Act (TEDRA),

chapter 11.96A RCW, action, four of the decedent's children seek recovery for alleged

violations of fiduciary duties by their sister, the personal representative of the estate. One

of the TEDRA petitioners, Terry Stephens, appeals the trial court's dismissal of the

action because of a failure to file and serve a statutory summons and a failure to join and

serve two of the decedent's seven children. We affirm the dismissal because of Terry's

failure to address, in his brief, the neglect to join and serve two of his siblings, heirs of

the estate.

No. 38774-7-III,
*In re Estate of Stephens*

## FACTS

Lyle Stephens died on August 17, 2020. His seven adult children, Terry Stephens, Karen Stephens, Kay Stephens, Kimberly Bergquist, Kristie Hull, Timothy Stephens, and Kathie Davis, survived him. Lyle Stephens and the mother of the children, Clara Stephens, divorced in 2006. Clara also survived Lyle's death.

On September 2, 2020, Kay Stephens sought appointment as personal representative of Lyle Stephens' estate under the terms of a purported December 31, 2007 will. On September 18, Karen Stephens filed an August 26, 2011 will. The superior court resolved the issue of the competing wills by adjudging the August 26, 2011 will to be controlling. The court appointed Karen as personal representative of the estate. Karen, as personal representative, published notice to creditors on March 9, 2021.

## PROCEDURE

On September 28, 2021, petitioners Terry Stephens, Clara Stephens, Kay Stephens, Kimberly Bergquist, and Kristie Hull filed this TEDRA action, which principally alleges Karen Stephens breached her fiduciary duties as personal representative of Lyle Stephens' estate. We do not know why the petitioners do not litigate those claims in the probate case. The petitioners also allege that Karen exerted undue influence over Lyle Stephens, because of his age, when Lyle signed his latest will and converted his assets. We wonder, but do not resolve, whether the claim of undue influence falls in the category of a will contest that should have been brought earlier.

2

Children Timothy Davis and Kathie Davis did not join the TEDRA action as petitioners and were not sued as respondents. Petitioners did not even identify Timothy Stephens and Kathie Davis as heirs or serve the TEDRA petition on the two.

On September 28, 2021, the petitioners served a copy of the TEDRA petition on Karen Stephens and her attorney. Petitioners did not prepare or serve the statutory summons mentioned in RCW 11.96A.100(2), a section of TEDRA. *See* CP 9.

On October 6, 2021, Terry Stephens filed, on behalf of himself and the other petitioners, a motion to consolidate the TEDRA action with the existing probate action and a motion to stay the pending December 3 hearing date. On November 18, the parties stipulated to continue the December 3 hearing to January 14, 2022 due to an unexpected COVID death in the family. CP 28. On December 30, Karen Stephens filed an answer to the TEDRA petition, a motion to resolve all issues and dismiss the petition, a memorandum in support of her answer and motion for dismissal, and a declaration.

On January 3, 2022, petitioners filed a motion to continue the January 14, 2022 hearing on the ground that mother Clara Stephens suffered a medical emergency during the holidays. In the motion, the petitioners explained that an ambulance transported Clara to a hospital on December 23, doctors diagnosed Clara with acute hypertension, physicians discovered a brain bleed, and they moved Clara to a rehabilitation center on December 27.

Karen Stephens filed an objection to the continuance. She argued that Clara Stephens had little involvement in the TEDRA action. Karen also noted in her answer to the petition that petitioners had failed to file and serve the statutory summons and had failed to serve heirs Timothy Stephens and Kathie Davis with the TEDRA petition.

On January 11, the petitioners filed a notice for mediation.

The hearing on the TEDRA action and the petitioners' motions proceeded on January 14, 2022. In support of the motion to continue, Terry Stephens informed the court that the prior night, on January 13, the rehabilitation center, wherein Clara Stephens resided, phoned him to inform him that Clara would be released that day. Terry requested that the continuance be granted so Clara could participate. After acknowledging Clara's circumstances as one of the bases for the continuance, the superior court asked the petitioners if they requested a continuance on any other grounds. In response, Kay Stephens stated that "[w]e found out yesterday that defense couldn't be here because of illness." Report of Proceedings at 7. When the court asked Kay to identify the ill person, Kay explained that the sick individual requested his or her name be withheld due to privacy concerns. Kay added that the continuance was warranted because petitioners had lacked an opportunity to conduct sufficient discovery and had struggled to retain representation. Kay informed the court that the petitioners retained counsel but, given time constraints, they could not meet with her before the hearing and planned to meet with her at a later date.

4

Karen Stephens, through counsel, objected to any continuance. Karen argued that Clara Stephens lacked any interest in the TEDRA case. Clara sought to recover damages from the estate as the result of alleged wrongs committed by Lyle Stephens before the divorce. Clara had filed a creditor's claim, which the estate rejected, and Clara had not timely sued after the rejection. Karen added that no one had contested the will. She insisted that the TEDRA action lacked merit as indicated by the petitioners' failure to respond to Karen's answer.

The superior court, on numerous grounds, denied the motion to postpone the hearing on the merits of the TEDRA petition. The court had already granted one continuance. Because they had filed the petition, the petitioners should have been prepared at any time to argue the merits of their claims. Anyone who was ill could have appeared by Zoom. The superior court also denied the petitioners' motions to compel mediation and to consolidate the TEDRA action with the probate case.

After argument on the merits of the TEDRA action, the superior court announced its decision that the petitioners had failed to procure sufficient service of process. Petitioners had failed to serve the statutory summons on Karen Stephens. The court added that the petitioners had failed to include all parties and serve all necessary heirs. The court reasoned that the failures bolstered his decision to deny the motion to delay the hearing. The court declined to address the merits of the TEDRA petition and dismissed

the action without prejudice.  Finally, the superior court awarded Karen Stephens
reasonable costs and attorney's fees.

The superior court's written order confirmed that the petitioners had failed to join
all parties to the action.  Petitioners had failed to name and serve siblings Timothy
Stephens and Kathie Davis.  The written order did not mention dismissal of the petition
because of failure to prepare and serve the summons mentioned in RCW 11.96A.100(2).

## LAW AND ANALYSIS

Petitioner Terry Stephens solely appeals.  Terry assigns error to the superior
court's dismissal of the TEDRA action because of the failure to serve a statutory
summons, refusal to grant a continuance of the January 14, 2022 hearing, denial of any
relief for Karen Stephens' violation of fiduciary duties, and award of reasonable attorney
fees and costs to Karen.  Nevertheless, Terry fails to assign error to the superior court's
ruling that petitioners failed to join and serve needed parties, one of their sisters and
brothers who were also heirs.  This failure to address this ruling is fatal to the appeal
since this ruling on its own justified the superior court's dismissal of the TEDRA action.
We will not address or overturn a superior court ruling to which the appellant never
assigned error.  RAP 10.3(g); *Rutter v. In re Estate of Rutter*, 59 Wn.2d 781, 787-88, 370
P.2d 862 (1962).

Because of our ruling affirming the dismissal on the basis of failure to join parties,
we need not address the contentions that the superior court erred when denying the

6

motion to continue and motion to compel mediation. Terry Stephens did not assign error to the superior court's grant of reasonable attorney fees and costs to Karen. So, we also affirm the trial court's award of fees and costs.

Karen Stephens requests an award of reasonable attorney fees and costs on appeal. We grant her this request under RCW 11.96A.150 and RAP 18.1(a).

CONCLUSIONS

We affirm the superior court's dismissal of the TEDRA action without prejudice and its grant of reasonable attorney fees and costs to Karen Stephens. We award Karen reasonable attorney fees and costs on appeal.

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

_____
Fearing, C.J.

WE CONCUR:

_____
Pennell, J.

_____
Staab, J.

7