## Case No. 16,235.

### UNITED STATES v. SCHUMANN.

[2 Abb. U. S. 523; [1] 7 Sawy. 439.]

Circuit Court, D. California. 1866.

CRIMINAL PROCEDURE—POWERS OF UNITED STATES DISTRICT-ATTORNEY—OF UNITED STATES COMMISSIONERS.

1. The district-attorney of the United States has no absolute power to dismiss a criminal charge while an examination of the accused is proceeding before a commissioner.

[Cited in U. S. v. Ebbs, 10 Fed. 373, 49 Fed. 152.]

2. After indictment found, and before trial commenced, the district-attorney has absolute power to enter a nolle prosequi. But while the charge is under examination, either before a commissioner or the grand jury, he attends only as counsel of the government, to present the evidence against the accused; and has no control over the course to be pursued.

[Cited in U. S. v. Ebbs, 10 Fed. 373, 49 Fed. 152.]

3. The powers and duties of commissioners, in criminal cases,—explained.

[Cited in U. S. v. Scroggins, Case No. 16,-244.]

Question certified for the opinion of the court by a United States commissioner. One Schumann, having been brought before a United States commissioner at the city of San Francisco, for examination upon a charge of having committed a public offense against the laws of the United States, the district-attorney proposed, before the examination was completed, to dismiss the proceeding. The commissioner applied to Judges FIELD and HOFFMAN, then holding the circuit court, for their opinion as to the power of the district-attorney to do so. The following opinion was rendered in answer to this question.

Before FIELD, Circuit Justice, and HOFFMAN, District Judge.

FIELD, Circuit Justice. We have looked into the question upon which the commissioner has asked the opinion of the court as to the control of the district-attorney over criminal proceedings pending before him; and will briefly state the conclusion we have reached. The district-attorney, we are informed, asserts an absolute right to dismiss any criminal proceedings before the commissioner both before and after the examination of the accused. The commissioner, on the other hand, denies such control, and insists that his authority is independent of any action of the district-attorney, and is to be exercised in all cases as his judgment may dictate upon the evidence presented.

The office of commissioner was created by the act of February 20, 1812, and his duties were at first limited to taking acknowledgments of bail and affidavits. By several subsequent acts his powers have been great-

ly enlarged. Among other things, he is invested with all the authority to arrest, imprison, or bail offenders against the laws of the United States, which any justice of the peace or other magistrate of any of the United States can exercise under the thirty-third section of the judiciary act of 1789 [1 Stat. 91]. That section provides that "for any crime or offense against the United States, the offender may, by any justice or judge of the United States, or by any justice of the peace or other magistrate of any of the United States where he may be found, agreeably to the usual mode of process against offenders in such state, and at the expense of the United States, be arrested, imprisoned, or bailed, as the case may be, for trial before such court of the United States as by this act has cognizance of the offense." The same act also authorizes the commissioner, upon any hearing before him, when the offense is charged to have been committed on the high seas, or elsewhere within the admiralty and maritime jurisdiction of the United States, in his discretion, to require a recognizance from witnesses for their appearance at the trial. He is thus made a magistrate of the government, exercising functions of the highest importance to the administration of justice. He is an examining and committing magistrate, bound to hear all complaints of the commission of any public offense against the laws of the United States in his district, to cause the offender to be arrested, to examine into the matters charged, to summon witnesses for the government and for the accused; and to commit for trial or to discharge from arrest according as the evidence tends or fails to support the accusation. For the faithful discharge of his duty in these particulars he alone is accountable. He has no divided responsibility with any other officer of the government; nor is he subject to any other's control. The district-attorney may appear before the commissioner, and attend to the presentation of the evidence—but in that position he is only counsel of the government; he cannot direct what finding the magistrate shall make, nor what course he shall pursue. The magistrate will, indeed, in any case, hesitate to continue an investigation after the prosecution has been abandoned by the legal officer of the government. Still, there may be cases where he will be justified, and more, bound to take such a course. While the charge is under investigation, before either the commissioner or the grand jury, the district-attorney has no absolute power over the case. His duty requires him to attend the sessions of the grand jury; to advise that body of the law upon points desired; to examine witnesses; and, when directed, to draw indictments. But he cannot control the action of that body, and, by declaring that the government will not prosecute any particular case, prevent its consideration. The duty of that

[1] [Reported by Benjamin Vaughan Abbott, Esq., and here reprinted by permission.]

body is to inquire into all matters charged to be offenses against the United States, committed or triable in the district, and its power is in this respect unlimited. It is only at a later stage of the proceedings that the prosecution comes entirely under the direction of the district-attorney. After indictment found and until trial commenced, his authority may be said to be absolute. He can then abandon the prosecution at his pleasure. He can enter a nolle prosequi, even without the consent of the court. He can do this before the arraignment of the accused; or he may do it after issue joined; he can do it at any time until the jury is impanneled; and after the trial has commenced he can do it with the consent of the defendant. Having power to this extent over the prosecution after indictment found, it might seem to be a matter of little practical importance, whether the proceedings terminate at his instance before the commissioner, or subsequently by a nolle prosequi before the court.

But the question is not as to what course the prosecuting attorney of the government may subsequently pursue in case his direction to the commissioner is disregarded, but how far that officer is bound to act upon the direction; and we are clear that he must act upon his own judgment of the law and evidence, and not upon that of any other person. And it is important that each officer of the government should take his appropriate share of responsibility, without reference to the possible action of others.