THE COURT.
— The People appeal from an order of dismissal under Penal Code section 1385 made by a municipal court on its own motion, whereby it dismissed a complaint charging a violation of Penal Code section 484 (petty theft) four days prior to the scheduled date set for trial in the absence of and without prior notice of its intended action to the city prosecutor.
The ease was set for trial on April 26, 1965. On April 22, 1965, in open court with the clerk of court, the defendant and defendant’s counsel present, but in a room other than one of the four rooms designated as divisions of the Pasadena Municipal Court, the case was advanced for the purpose of change of plea from “not guilty” to “guilty”. The trial *Supp. 889 court refused to accept a plea of “guilty” and then proceeded to examine the defendant (the record is silent as to whether defendant was put under oath). After such examination and after reviewing the police report (attached to settled statement on appeal), the court concluded that defendant did not have the specific intent necessary to constitute the crime charged and on its own motion dismissed the complaint “in the interest of justice”. At no stage of these proceedings was a representative of the city prosecutor’s office present, nor had the city prosecutor been given any notice that such an examination of the defendant by the court would take place.
The defendant-respondent has failed to file a respondent’s brief, and it may be inferred from such failure that he is conceding the merit of the appeal (Yarbrough v. Yarbrough (1956) 144 Cal.App.2d 610, 612 [301 P.2d 426]), but we proceed to consider the appeal on its merits.
The issue for decision is whether the prosecuting attorney must be given notice and an opportunity to attend proceedings at which a municipal court on its own motion is to consider and decide whether a misdemeanor complaint is to be dismissed under Penal Code section 1385, prior to the defendant being placed in jeopardy.
We have concluded that he must; for without such notice and opportunity to be present the ends of justice will not be promoted, but quite to the contrary, defeated.
In approaching this problem we remind ourselves of the basic concept of our system of criminal justice, of the peculiar position of a prosecuting attorney in criminal proceedings, the basic purpose of Penal Code section 1385, and the powers of a municipal court judge to act on his own motion under that section.
Chief Justice Warren of the United States Supreme Court summarized the adversary nature of our criminal procedure and the position of the prosecutor in a criminal action in the recent case of Singer v. United States (1965) 380 U.S. 24 [85 S.Ct. 783, 13 L.Ed.2d 630] ; in the following words at page 790 of the Supreme Court Reporter, supra-. “The Constitution recognizes an adversary system as the proper method of determining guilt, and the Government, as a litigant, has a legitimate interest in seeing that cases in which it believes a conviction is warranted are tried before the tribunal which the Constitution regards as most likely to produce a fair result.”
*Supp. 890 And on page 791 of the Supreme Court Reporter, supra, he continued: ‘1... we reiterate the sentiment expressed in Berger v. United States, 295 U.S. 78, 88 [55 S.Ct. 629, 79 L.Ed. 1314, 1321], that the government attorney in a criminal prosecution is not an ordinary party to a controversy, hut a ‘servant of the law’ with a ‘twofold aim . . . that guilt shall not escape or innocence suffer. ’ ’ ’
We are reminded that the powers now vested in the courts by the Legislature by virtue of Penal Code section 1385, stem from the historical powers of nolle prosequi which were traditionally vested in the Attorney General of England and in the prosecuting attorneys in the American states. (People v. Superior Court (1962) 202 Cal.App.2d 850, 854 [21 Cal.Rptr. 178] ; and see People v. Sidener (1962) 58 Cal.2d 645, 648 [25 Cal.Rptr. 697, 375 P.2d 641].) Even in those courts (those equivalent to our superior courts) where the power to dismiss in the interest of justice is not subject to appellate review, the courts generally weigh the recommendations and contentions as to the facts put forward by the prosecuting attorneys (see 69 A.L.R. 244). Under our adversary system, the court prior to receipt of evidence in course of trial or formal proceedings is usually not informed of all of the circumstances of the alleged crime nor of the evidence available to the prosecution to prove the guilt of an accused; it does not have the investigative facilities available to the office of the prosecutor. (See Holey, The Vanishing Jury (1928) 2 So.Cal. L. Rev. 97, at p. 100.)
Section 1385 of the Penal Code indicates on its face that the purpose of the dismissal is the “furtherance of justice”. In discussing the meaning of this term, the court in People v. Disperati (1909) 11 Cal.App. 469, said at page 476 [105 P. 617] : “The legislature has not attempted to define the expression ‘in furtherance of justice, ’ and therefore it is left for judicial discretion exercised in view of the constitutional rights of the defendant and the interests of society to determine what particular grounds warrant the dismissal.” And “. . . in contrast to the uncontrolled discretion of a trial judge in a superior court, under Penal Code, section 1385, the exercise of such a great power is fully subject to review upon appeal when an order of dismissal is made in the municipal court” where jeopardy has not attached. (People v. Winters (1959) 171 Cal.App.2d Supp. 876, 880 [342 P.2d 538].) At least one of the reasons for review is to guard against dismissals which amount to “the substitution of the *Supp. 891 predilections of a judge for the alleged predilections of the peace officers” (People v. Winters, supra, 171 Cal.App.2d Supp. 876, 882).
Thus the prosecutor has the right to appeal from a municipal court order of dismissal under Penal Code section 1385, made prior to trial. But the right to such an appeal would he aborted if he did not know of the proceedings which a trial judge was conducting on his own motion to determine an issue of fact upon which the order of dismissal depends and with no opportunity to be present to observe what is taking place.
Furthermore, the Legislature has granted the prosecutor the right to lodge a peremptory challenge under Code of Civil Procedure section 170.6, if he feels that any motion should not be heard before a particular judge, and we see no reason why a motion to dismiss under Penal Code section 1385 should be excluded from the purview of section 170.6 of the Code of Civil Procedure. As Chief Justice Warren indicated (supra) the government does have a legitimate interest in seeing that criminal proceedings are conducted in a court which “the Constitution regards as most likely to produce a fair result”; and the same principle is also applicable where the prosecution is given a statutory right. Hence, the prosecutor should be given an opportunity to exercise this right of peremptory challenge if he feels that the interests of the People require doing so.
Furthermore, it is our opinion that the interests of justice will be better promoted, especially in a proceeding prior to trial, by requiring the municipal court acting on its motion (and not that of the prosecuting attorney) under section 1385 to give notice to the prosecutor and a reasonable opportunity to be present, for the following reasons:
First. It will enable the trial judge to make a more informed decision, which every judge aspires to do, by presenting an opportunity to inform himself of the total picture. The prosecutor may well have additional evidence or information which would persuade the judge that the interests of justice would not be served if the case were not permitted to go to trial or otherwise disposed of. A defendant would be less likely to make untrue representations, if the prosecutor were present with opportunity to request cross-examination under oath.
Second. Even in the absence of a statutory requirement of notice, if the rights of an adverse party are likely to be *Supp. 892 affected, requirement of a notice of motion is a basic concept to be observed, absent a legal showing of an emergency justifying its dispensation. (See Witkin, 2 Cal. Procedure (1954) 1641.) And in the situation presented here, we have set forth above how the rights of the People are affected.
We, of course, take judicial notice of the heavy case load of cases processed and exigencies peculiar to the municipal courts; and we do not say that a formal written notice is required. In certain cases, just a telephone call to the prosecutor with a reasonable opportunity to appear might be adequate. But some kind of notice is a requisite and the onus thereof is not unreasonable.
Third. By the observation of our basic notion that a criminal proceeding is basically adversary in nature, the general respect of the public for courts and the judicial process, we feel, will be promoted. Courts and judicial officers must at all times not only be fair in fact, but also be diligent in preserving the appearance of fairness as well. The presence of the prosecutor representing the People is especially important where an accused may be let off without a trial in this day when courts generally are under attack for allegedly “being soft on criminals”. With reference to the crime of petty theft involved in this case, we note that it was a charge of shoplifting, which is a serious contemporary problem both locally and nationally, in view of the practice whereby customers enter a turnstile, have free access to all the shelves displaying wares and merchandise, and the proper payment for merchandise taken away from the store depends upon the customer properly declaring it at the check-out or cashier’s stand.
Finally, we feel that by requiring that the prosecutor be given notice and opportunity to be present, it will ease some of the unfair and improper pressures sometimes placed upon judges of the municipal and justice courts which do not so frequently confront judges in courts of higher jurisdiction.
We take judicial notice of the fact that while a person accused of a felony crime very seldom privately importunes a judge to dismiss the charges against him, persons who may receive a parking ticket or a traffic ticket which are classified as misdemeanors in California apparently do not feel it improper to pressure a traffic court judge, both in and outside of the courthouse, to dismiss or quash the ticket. If the public knows that a dismissal without trial even in a proper case (and at times the interests of justice do require a pretrial *Supp. 893 dismissal of a traffic ticket or other misdemeanor charges), requires notice to the prosecutor and that the judge may not act upon it ex parte, these wrongful pressures by misguided members of the public will be minimized.
By a discussion of these general policy arguments, we do not intend to cast any reflection upon the integrity of the trial judge in this or any other ease.
We have discussed the broad elements of public policy behind our decisions feeling that it may be of assistance to all municipal and justice court judges in their future course of action. We also note that where an accused is worthy of mercy by the court, the probation laws set forth a system of statutory pardons.
The order of dismissal is reversed, and the case remanded for further proceedings.