[No. 42076. En Banc. March 9, 1972.]

THE STATE OF WASHINGTON, *Appellant,* v. ROGER BLAINE SONNELAND, *Respondent.*

344

*Henry R. Dunn, Prosecuting Attorney, Ronald B. Webster* and *Darrell E. Lee, Deputies,* for appellant.

*D. L. Donaldson* (of *Walstead, Mertsching, Husemoen & Donaldson*), for respondent.

STAFFORD, J.—The state appeals from an order of dis-

missal granted by the trial court upon defendant's motion. The essence of this appeal is the construction to be given RCW 10.46.090.

In March 1969, the defendant was charged with possession of marijuana, a felony under then existing law. Defendant offered to plead guilty if the charge was reduced to a gross misdemeanor. Subsequently, an amended information was filed.

Before trial, defendant offered to be an informant if the gross misdemeanor charge was dismissed. He bargained to give information leading to the arrest of three dealers in marijuana who, upon arrest, would be in possession of marijuana or heroin. Failing to do so, he agreed to plead guilty to the lesser charge. The prosecuting attorney accepted the proposal. As a "cover", defense counsel obtained a continuance and the defendant was released.

In August, the defendant informed on one dealer. During the raid which followed, the named dealer and two other dealers were arrested. Afterward defendant furnished no further information.

In February 1970, concluding that the defendant would offer no additional information, the prosecuting attorney set the case for trial in June. At that point, the defendant indicated his unwillingness to plead guilty to the gross misdemeanor charge. His refusal was met by the filing of a second amended information charging him with the violation of RCW 69.40.070 (5) (*i.e.,* possession of marijuana in excess of 40 grams, a felony).

Defendant successfully demurred to the second amended felony charge. It was based upon a criminal statute enacted subsequent to the commission of the alleged crime.

The prosecuting attorney then filed a third amended information charging him with possession of marijuana, a misdemeanor. Defendant moved to dismiss the latter charge, asserting that he had fulfilled the bargain. He filed no affidavit to support the motion.

The trial court, after taking testimony pertaining to the agreement, granted the motion to dismiss. The order of

dismissal stated only that the furtherance of justice would be served thereby. The state appeals and argues five issues.

I

First, the state contends that a defendant lacks standing to move for dismissal of a criminal action. It is said that only the court and prosecuting attorney have such authority.

The state argues that, at common law, only the prosecutor was empowered to move for the dismissal of a criminal charge.[1] From that springboard it is urged that RCW 10.46.090[2] merely grants the trial court power equal to that possessed by the prosecuting attorney.

 Such a narrow construction fails to give the statutory language its proper effect. RCW 10.46.090 provides: "No prosecuting attorney shall hereafter discontinue or abandon a prosecution except as provided in this section". Clearly this evidences a legislative intent that the trial court *alone* is authorized to dismiss criminal charges. The statute completely abrogates the prosecuting attorney's common-law discretion to dismiss a criminal prosecution.

 Next, the state asserts that the trial court's power should be limited to rectifying defects readily apparent in the official file (*e.g.*, an unsigned information or an information that fails to state a crime). However, that suggestion ignores the language of RCW 10.46.090 which authorizes the court to act "in furtherance of justice". If the court's power is confined to mere scrutiny of the case file, its statutory authority will be emasculated. One of the pur-

[1]See Annot., *Power of court to enter nolle prosequi or dismiss prosecution,* 69 A.L.R. 240 (1930). For a recent discussion of the prosecutor's discretion see LaFave, *The Prosecutor's Discretion in The United States,* 18 Am. J. Comp. L. 532 (1970).

[2]RCW 10.46.090. "Nolle prosequi. The court may, either upon its own motion or upon application of the prosecuting attorney, and in furtherance of justice, order any criminal prosecution to be dismissed; but in such case the reason of the dismissal must be set forth in the order, which must be entered upon the record. No prosecuting attorney shall hereafter discontinue or abandon a prosecution except as provided in this section."

poses of RCW 10.46.090 is to protect accused persons from arbitrary, albeit infrequent, actions of some prosecutors. If it is required "in furtherance of justice", the trial court is empowered to dismiss a criminal prosecution on its own motion, even though the prosecutor disagrees.

█ The state urges that its interpretation of the statute is more consistent with the overall legislative scheme. It directs our attention to RCW 10.37.020 and RCW 10.46.010 which require the dismissal of criminal charges if the state fails to file an information within 30 days or fails to bring a defendant to trial within 60 days, respectively. The state appears to conclude that since a defendant may move to dismiss charges under either of the foregoing statutes, he may not do so under RCW 10.46.090. We fail to see either the logic or the relevance of such contention. Neither of the above-mentioned statutes expressly authorize defendants to move for dismissal. Nevertheless, they are permitted to do so for the same reason that we here allow them to move for dismissal under RCW 10.46.090. It is the only practicable way by which trial courts can be informed of circumstances warranting dismissal.

## II

The state challenges defendant's failure to support his motion by an affidavit setting forth the grounds for dismissal. However, the statute contains no such requirement.

The state asserts that a supporting affidavit is compulsory, citing *State v. Johnson,* 77 Wn.2d 423, 462 P.2d 933 (1969), *State v. Camp,* 67 Wn.2d 363, 407 P.2d 824 (1965). However, these cases are not controlling. *Camp* did not hold that an affidavit is required. It held merely that the proffered affidavit was inadequate. *Johnson* held only that the defendant could not avail himself of a mistake in the prosecutor's affidavit. The affidavit there had been made in support of a motion to dismiss charges against a witness who had been granted immunity in return for his testimony against the defendant.

█ Although a supporting affidavit is desirable, the

purpose served thereby was achieved, in this case, by sworn testimony taken during the hearings on the motion.

### III

Next, it is contended that the grounds upon which the dismissal was ordered are untenable. On the contrary, we find them both supportable and reasonable.

■ The state claims the trial court based its order, *sub silentio,* on the erroneous ground that there was an unreasonable delay between the time of arrest and the trial. Assuming, without deciding, that such delay was at the core of the court's action, the prosecution was responsible for a significant part thereof. Granted, defendant moved for the initial continuance, but he did so to provide the "cover" necessary for him to operate as the prosecutor's informant. Further, the prosecution concedes that the defendant ceased performing his agreement in August 1969. The record fails to disclose why the prosecution waited until February 1970 to set the trial in June. Absent some showing that the delay was excusable, the trial court could properly have based its dismissal upon unreasonable delay.

Next, the state maintains the defendant carried out only one-third of his bargain. Thus, it is asserted, an order for dismissal based upon "compliance" with the agreement would be untenable. We do not agree. There is considerable support for the trial court's oral finding that the defendant had substantially complied with the agreement. We quote the state's version of the agreement from page 16 of its brief:

> The record clearly indicates that Mr. Sonneland . . . in exchange for a dismissal of the charges filed against him would provide information . . . which would result in the arrest of at least three (3) separate dealers or sellers in marijuana and that at the time of the arrest the people arrested must actually be in possession of either marijuana or heroin.

The agreement neither required that defendant provide information leading to the *conviction* of three marijuana dealers nor did it require that the dealers be arrested as the

result of three separate "tips". The defendant was only required to provide information leading to the *arrest* of three dealers, who, at the time of arrest, were to be in possession of marijuana or heroin.

Based on defendant's information, the police raided the Davis residence. During the raid 10 "lids" of marijuana were seized. As a result, the police arrested Messrs. Davis, Chadwick and Gent.

The state complains that the three men were not dealers in marijuana. On the other hand, the defendant testified that they were. The state had ample opportunity to rebut defendant's testimony but failed to do so. Thus, there was sufficient evidence to support the court's conclusion that the men were, in fact, dealers in marijuana.

Next, the state urges that it was an abuse of discretion for the trial court to find "substantial compliance" by inquiring into circumstances surrounding defendant's performance of the agreement. It is argued that the court's inquiry should have been limited to a determination of whether the *prosecutor*, not the court, felt the agreement had been honored.

We do not believe the state's position is well taken. Such a proposal would ring down an impenetrable curtain, preventing the trial court from exercising the protective discretion provided for in RCW 10.46.090.

The trial court properly accorded the defendant an opportunity to have the motion completely heard and determined.

### IV

The state objects to the fact that the trial court's order of dismissal merely recited that it was issued "in furtherance of justice". Presumably all such orders are granted "in furtherance of justice". Thus, such a statement, standing alone, adds nothing to the requirement that the court must give "the reason for the dismissal".

We do not approve of the order's deficiency, and recommend that similar deficient recitations be avoided in

the future. Nevertheless, the court's reason for dismissal is fully evident from its oral opinion. Thus, no useful purpose would be served, in this case, by remanding the matter solely to complete the formality of providing written reasons. *See Rutter v. Rutter*, 59 Wn.2d 781, 784, 370 P.2d 862 (1962); *Heikkinen v. Hansen*, 57 Wn.2d 840, 845, 360 P.2d 147 (1961); *High v. High*, 41 Wn.2d 811, 819, 252 P.2d 272 (1953). It is readily apparent that the reason for dismissal was the defendant's substantial compliance with the agreement.[3]

## V

Finally, the state maintains that the interests of justice would be best served by setting aside the order of dismissal. It is said that enforcement of the agreement here involved is a matter of *prosecutorial discretion*; that it is *strictly up to the prosecutor* to see that his bargains are adhered to.

■ However the trial court has usurped no prosecutorial discretion. RCW 10.46.090 gives the power of dismissal to the *court*, not to the prosecuting attorney. By enforcing the agreement reached by the prosecuting attor-

---

[3]Concerning the defendant's compliance with the agreement, the trial court said in its oral opinion:

But it does seem like Mr. Sonneland did make an effort to live up to the deal and that his efforts did result in the apprehension of—well, I don't know. There is some question here. Mr. Dunn indicates that two of these were not sellers, but Mr. Sonneland's testimony was that they were, I guess, known to be sellers, Davis and Chadwick, I believe it was.

Thereafter, the trial court in responding to the prosecutor's request that the order contain the reasons for dismissal stated:

Well, all right, I have indicated to Mr. Donaldson if he'd like to present another order, well, I would be glad to consider it and I think I have stated my reasons here.

The fact that this has been reduced to a misdemeanor, the fact that this man was on parole, and the fact that this young man had made reasonable efforts to make the deal, although he hasn't right to the tooth and toe of it, he hasn't fulfilled it. We don't have it in writing. We don't have the contract in writing, but I think he's made a substantial effort here.

ney and the defendant, the trial court has merely exercised its statutory power.

The record amply supports the trial court's conclusion that the defendant substantially complied with the agreement. Society is best served when the prosecution abides the terms of its agreements and when the court fulfills its statutory duty by seeing that it is done.

The trial court is affirmed.

HAMILTON, C.J., FINLEY, ROSELLINI, HUNTER, NEILL, and WRIGHT, JJ., concur.

HALE, J. (dissenting)—On motion of the defendant and over the state's vigorous objection, the court dismissed the information. The sole reason given for the dismissal was that the "furtherance of justice would be served by the granting of defendant's motion herein." Defendant's motion to dismiss was based

> upon the ground that said defendant entered into an agreement with the Prosecuting Attorney of Cowlitz County, Washington, whereby all charges pending herein would be dismissed upon the completion of certain acts by the defendant; that the defendant's duties and obligations under said agreement have been fulfilled.

Insisting that the defendant be brought to trial, the prosecuting attorney made it clear that the state possessed sufficient evidence to warrant a conviction. In the course of argument on reconsideration of the defendant's motion to dismiss, the prosecuting attorney informed the court that

> This defendant was in possession of ten lids of marijuana. This is in excess of 40 grams and, in my opinion, under the new statute, would make the defendant liable for the felony of possession with intent to sell.

Whatever grounds may be found in this record to sustain the dismissal elude me in the face of the prosecuting attorney's repeated statements to the court that he has sufficient evidence to present to the court and jury to warrant defendant's conviction of the offenses charged and in the absence of a cognizable plea in bar.

Reminded by the prosecuting attorney at the second hearing that the statute (RCW 10.46.090) requires the trial court to state its reasons for ordering a dismissal, the court said:

> Well, all right. . . . I would be glad to consider it and I think I have stated my reasons here.
>
> The fact that this has been reduced to a misdemeanor, the fact that this man was on parole, and the fact that this young man had made reasonable efforts to make the deal, although he hasn't right to the tooth and toe of it, he hasn't fulfilled it. We don't have it in writing. We don't have the contract in writing, but I think he's made a substantial effort here.

It is thus apparent that the court ordered the information dismissed for no more substantial reasons and upon no apparent legal grounds other than that the defendant had supplied some kind of information to the state on a kind of deal—not in writing—which the court presumed had not been fulfilled by the defendant; that defendant was on parole; that defendant had made a substantial effort to fulfill a deal. That the defendant was on parole, I think, presents even stronger reasons for bringing him to trial than had he been without prior convictions, for one ought not benefit in law from prior criminality, and the law ought not put him in a better position than one whose conduct has been blameless. The law does not contemplate that a prior criminal record and a presumable violation of parole operate in the accused's favor.

The rest of the record is equally vague as to what the prosecuting attorney did or said that in law should immunize the defendant against pending criminal charges. If every word of the defendant is to be believed and every word of the prosecution disbelieved, little basis in law or fact will be found to warrant the dismissal of the case and the entry of a nolle prosequi either on the defendant's motion or upon the court's sua sponte over the state's objections.

A nolle prosequi is a formal entry of record by the prose-

cuting attorney that he will no longer prosecute. It formerly, prior to legislation on the subject, vested enormous powers in that officer. This court mistakes, as did the learned trial judge, I think, the purpose and intendments of RCW 10.46.090 upon which the case here was dismissed, for that statute was intended primarily to curb these exclusive powers not simply to transfer them to the judges of the superior court. RCW 10.46.090 provides:

> The court may, either upon its own motion or upon application of the prosecuting attorney, and in furtherance of justice, order any criminal prosecution to be dismissed; but in such case the reason of the dismissal must be set forth in the order, which must be entered upon the record. *No prosecuting attorney shall hereafter discontinue or abandon a prosecution except as provided in this section.*

(Italics mine.)

Prior to the enactment of this kind of statute, the power to enter a nolle prosequi in nearly all jurisdictions rested exclusively with the prosecuting attorney and the court had nothing to say about it. 22A C.J.S. *Criminal Law* § 457 (1961). Accordingly, had there been no such statute and the prosecuting attorney entered a nolle prosequi, the case would have perforce been dismissed. 21 Am. Jur. 2d *Criminal Law* § 514 (1965), well supported by authority, says:

> In the absence of a controlling statute or rule of court, the power to enter a nolle prosequi before the jury is impaneled and sworn lies in the sole discretion of the prosecuting officer.

And the same rule obtained prior to statute in the federal system. *United States v. Watson*, 7 Blatch. Cir. Ct. Rep. 60, 28 F. Cas. 501 (No. 16,652) (1869); *United States v. Schumann*, 2 Abb. U.S. 523, 7 Sawy. 439, 27 F. Cas. 984 (No. 16,235) (1866). Indeed, the very term "nolle prosequi" meaning "unwilling to prosecute" comports with the concept that, in the absence of a statute of this kind, the power to dismiss before impaneling of a jury logically rests solely with the state's attorney, and the court, being theoretically

neutral in a given case, is without power to intervene.

Unless there is a statute to the contrary, it was and still is a general principle that a nolle prosequi may be entered without the consent of the court before a jury is impaneled. 5 Wharton, Criminal Law & Procedure § 2069 (1957). Affirming this very principle long ago as stated per Field, J., sitting as circuit judge in *United States v. Schumann, supra,* the Supreme Court of the United States in *Confiscation Cases,* 74 U.S. (7 Wall.) 454, 457, 19 L. Ed. 196 (1869), stated:

> Public prosecutions, until they come before the court to which they are returnable, are within the exclusive direction of the district attorney, and even after they are entered in court, they are so far under his control that he may enter a *nolle prosequi* at any time before the jury is empanelled for the trial of the case, except in cases where it is otherwise provided in some act of Congress.

6 L. Orfield, Criminal Procedure Under the Federal Rules, § 48:3, p. 325, at 328.

Thus, in the absence of a statute or governing rule of court, the power to nolle prosequi an otherwise valid indictment lies exclusively with the state's attorney or attorney general. *State v. Hunter,* 10 Md. App. 300, 270 A.2d 343 (1970); *State v. Coolidge,* 109 N.H. 426, 260 A.2d 563 (1969); *Lake Charles v. Anderson,* 248 La. 787, 182 So. 2d 70 (1966); *State ex rel. Griffin v. Smith,* 363 Mo. 1235, 258 S.W.2d 590 (1953); *State ex rel. Dowd v. Nangle,* 365 Mo. 134, 276 S.W.2d 135 (1955); *State v. Dopp,* 127 Vt. 573, 255 A.2d 190 (1969).

The District of Columbia Court of Appeals finds a qualifying principle that the prosecuting attorney may nolle prosequi a criminal case in the absence of a controlling statute unless the nolle prosequi is scandalous, corrupt, capricious or vexatiously repetitious. *District of Columbia v. Benefield,* 248 A.2d 127 (D.C. App. 1968); *United States v. Foster,* 226 A.2d 164 (D.C. App. 1967).

Considering that most of the states now have a statute similar to the one in issue, the majority opinion, I think, overlooks the purpose of RCW 10.46.090:

> The court may, either upon its own motion or upon application of the prosecuting attorney, and in furtherance of justice, order any criminal prosecution to be dismissed; *but in such case the reason of the dismissal must be set forth in the order, which must be entered upon the record.* No prosecuting attorney shall hereafter discontinue or abandon a prosecution except as provided in this section.

(Italics mine.)

Regarded in connection with the nearly absolute power formerly residing in the state's attorney to dismiss a pending prosecution, it is clear that RCW 10.46.090 was enacted to put a curb on the power of the prosecuting or state's attorney to dismiss criminal charges. It put the courts in a position to require the state's attorney to justify his actions. It was obviously enacted as a means of curbing corruption and graft in the enforcement of the criminal laws, and to put a damper on favoritism, partisanship, graft and corruption in the prosecution of criminal cases. The statute was thus designed to transmit to the superior court a segment of the prosecuting attorney's former plenary power to dismiss a pending action but only where sound and sufficient reasons exist and are given by the court.

The legislature, I think, did not intend to transfer the arbitrary power formerly reposing in the prosecuting attorneys to the judges but rather to transmute it to an exercise of the judicial power—a power always to be exercised in reason and for good cause in law. The term "in furtherance of justice" then, must, therefore, be supported by a statement of the grounds or reasons for the dismissal so that the grounds stated become subject to review. Otherwise, "furtherance of justice" becomes meaningless and the former absolute powers of dismissal are simply transferred to the trial judge who in a genuine sense will succeed to some of the prosecuting attorney's former arbitrary power.

In strenuously insisting that the state had a right to bring the defendant to trial, the prosecuting attorney represented that he had sufficient evidence to warrant a convic-

tion; the trial court referred to nothing in the record to support a contrary conclusion. The court's opinion affirming the dismissal, I think, runs contra to the rationale of our opinion in *State v. Randecker,* 79 Wn.2d 512, 487 P.2d 1295 (1971), where, in reversing a dismissal made in arrest of judgment, we said, "In short, if there is *substantial evidence,* the issue must be resolved by the jury." *Randecker,* supported by a long line of case authority, went on to say that the court "may not *weigh the evidence* to determine whether the necessary quantum has been produced to establish *some proof* of an element of the crime. It may only test or examine the *sufficiency* thereof." If this be one of the limits upon a court's discretionary power to order a dismissal after trial upon the evidence in an adversary proceeding, how much narrower is that same discretion to dismiss where the court has heard no evidence, there is no basis for a plea in bar, and the state insists that it has sufficient evidence to present to warrant a conviction? A plea in bar usually involves a showing of extraneous factors which bar the prosecution of a concededly guilty party —such as operation of the statute of limitations, former jeopardy, statutory grant of immunity, changes in the criminal code, and an unlawful and invalid grand jury—no one of which appears here. *See United States v. Weller,* 401 U.S. 254, 28 L. Ed. 2d 26, 91 S. Ct. 602 (1971).

Justice is so abstract a term in jurisprudence as to be virtually without meaning, for in essence it means everything that comports with law and equity and excludes everything that does not. Thus, Black's Law Dictionary (4th rev. ed. 1968), describes justice:

> In Jurisprudence. The constant and perpetual disposition to render every man his due.

Where employed in a constitution guaranteeing every man a right to obtain justice, it is meant justice as administered by the courts, not abstract justice as conceived by the particular judge but justice conformably to the laws. *State ex rel. Department of Agriculture v. McCarthy,* 238 Wis. 258, 299 N.W. 58 (1941).

Justice in law then means the fair and impartial application of the laws to one's juristic conduct, whether that conduct be acts or omissions, actions or failure to act. It is to be distinguished from Aristotle's justice attained through virtue toward others or the attainment of justice as Plato would have it by developing a perfect social harmony in beneficial activities.

In law, justice does involve conformity to truth and fact and reason but, in final analysis, means the enforcement of rights and duties according to established rules of law and equity. Persons who commit crimes should be prosecuted; and it is in furtherance of justice that they be brought to trial.

Accordingly, when a court is allowed to dismiss a criminal case "in furtherance of justice" and must in doing so specify its reasons, it is obvious that the power to dismiss is limited and can be exercised only for reasons which, when declared, show good cause or reason in law.

I impute, of course, only the highest motives to the trial judge in ordering this dismissal but however worthy they may have been it does not alter the fact that the record fails to show any reasons in law why the defendant should not have been brought to trial for the offenses whereof he stood charged.

My views concerning the trial judge's power to dismiss a criminal information or indictment before trial are cogently set forth in *People v. Superior Court*, 249 Cal. App. 2d 714, 57 Cal. Rptr. 892 (1967). There the defendant had shot one of three persons whom he believed was engaged in stripping his car. At a preliminary hearing, the evidence showed that defendant King, his sister and her fiance were in a house at about 10 p.m. when they heard a noise outside near where King's car had been parked. The sister heard her brother say "somebody was stripping his car." King went outside. His sister heard him yell, then heard shots immediately following the yell. She looked through the window, saw two boys running, and saw one of them fall as

he turned the corner. Right afterward, King returned to the house, called the police and awaited their arrival.

King told the police that he was the owner of a Mercury automobile and saw it being stripped; that the person lying down was one of those stripping his car; and that he (King) had shot him. He informed the officer where the gun was, and it was then retrieved by the officer. King was charged by information with the crime of involuntary manslaughter, *i.e.*, the "killing of a human being, without malice . . . in the commission of a lawful act which might produce death . . . without due caution and circumspection." But before trial commenced, the judge had indicated his personal views, saying, at page 716:

"THE COURT: Doesn't this add up almost as a matter of law to using force necessary to prevent the commission of a felony? MR. MAURER [prosecutor]: I don't know that much about it at this time, to state that categorically. THE COURT: I don't think any fine line should be drawn in a situation like this. Certainly there was no felonious intent on the part of this defendant, even though he might have been a little bit quick to pull the trigger. . . . It I get the picture, I think that if this matter were submitted on the [preliminary hearing] transcript, I would find the defendant not guilty."

The next day, still before trial, the trial court substantially repeated these sentiments, at page 716:

"I think I indicated [yesterday] that if this matter were submitted on the [preliminary hearing] transcript I would find the defendant not guilty. . . . Well, to have it submitted to the court for decision requires of course a stipulation, an agreement of both parties and waiver of a jury. If a jury is waived, that would be my determination of the case. If it is not waived, it will have to be tried." Defense counsel immediately agreed to the waiver and submission.

The judge, thereupon, on the prosecuting attorney's insistence that the case be tried by a jury, said, at page 716:

"We have a situation where this defendant owned an automobile and he finds 3 men stripping his car; and he

goes out and attempts to preserve his rights and shoots one of them."

and

"So under the provisions of section 1385 the court now on its own motion and in furtherance of justice orders this action to be dismissed."

The opinion then says, at page 718:

We come now to the single issue: *On the record then before him,* did the trial judge exercise the power of dismissal given to him by Penal Code section 1385 with legal discretion?

The "furtherance of justice" objective sought by the statute includes justice to society (the "People") as well as to the defendant. (*People* v. *Gonzales,* [235 Cal. App. 2d Supp. 887, 46 Cal. Rptr. 301] at p. 890.) We need not labor this point.

After pointing out that the court during trial has many ways of protecting the rights of a defendant without depriving the people of the right to have a lawfully presented charge tried and determined, the court vacated the dismissal and remanded the case for trial as follows:

Under the adversary nature of our criminal procedure, the prosecuting attorney, as the People's representative, is often in a position to make application for a dismissal "in furtherance of justice" when the record *then before the trial judge* would not justify a dismissal by the judge on his own motion.

We hold that under the circumstances before him, the trial judge exceeded the bounds of judicial discretion in ordering the dismissal under section 1385. (See *State Farm etc. Ins. Co.* v. *Superior Court,* 47 Cal.2d 428, 432 [304 P.2d 13].)

Let a peremptory writ of mandate issue directing the trial court to set aside its order of dismissal and proceed as provided by law.

Similarly, in *People v. Ritchie,* 17 Cal. App. 3d 1098, 95 Cal. Rptr. 462 (1971), the defendant was charged with the unlawful possession of marijuana, and the court, acting pursuant to this same "furtherance of justice" statute, ordered the complaint dismissed for the ostensible reason

that the physical evidence had not been produced at the preliminary hearing, and the trial court wished an appellate ruling on that point.

Holding that the dismissal was erroneous and in excess of the court's discretionary powers, the court said at page 1105:

> [A]nd case authority indicates that certain reasons are not "in furtherance of justice" and thus are improper grounds. A dismissal because a district attorney needs time to obtain witnesses and intends to follow up the dismissal with a new prosecution instead of seeking a continuance is not "in furtherance of justice" (*People* v. *Disperati*, 11 Cal.App. 469, 476, [105 P. 617]), nor are dismissals because the evidence was illegally obtained (*People* v. *Valenti*, 49 Cal.2d 199, 203, [316 P.2d 633]) or defendant charges discriminatory enforcement of the law (*People* v. *Winters*, 171 Cal.App.2d Supp. 876, 887, [342 P.2d 538]) or the judge feels that such a prosecution would mean that the court is "running a collection agency" (*People* v. *Curtiss*, 4 Cal.App.3d 123, 128, [84 Cal.Rptr. 106]) or the court seeks to prevent further prosecution by indictment and to require the district attorney to proceed by information. (*People* v. *Superior Court*, 13 Cal.App.3d 672, 679, [91 Cal.Rptr. 651].)

The appellate court thereupon ordered the dismissal vacated.

In California, a wider discretion rests in the trial court to dismiss a criminal case after verdict of guilty than during trial where the trial court has heard all of the evidence. *People v. Superior Court*, 69 Cal. 2d 491, 446 P.2d 138, 72 Cal. Rptr. 330 (1968). In Washington, where the discretion in both instances is narrower even if evidence of guilt has been heard by the trial court and there is sufficient evidence to support the verdict, the court cannot dismiss the action. *State v. Randecker, supra.*

The Supreme Court of Utah requires a clear showing of grounds and reasons for a dismissal. There a provision in the Utah statute that "[t]he reasons for the dismissal must be set forth in an order entered upon the minutes" was said

to be no idle surplusage. In declaring the dismissal of certain cases reversible error, that court said:

> Because of the nature of criminal proceedings, and because they are in the interests of and for the protection of the public, there is a sound basis in public policy for requiring the judge who assumes the serious responsibility of dismissing a case to set forth his reasons for doing so in order that all may know what invokes the court's discretion and whether its action is justified.

*Salt Lake City v. Hansen,* 19 Utah 2d 32, 35, 425 P.2d 773 (1967).

In the instant case, the prosecuting attorney not only made no effort to abandon the prosecution, but contrarily insisted upon doing his duty by bringing the defendant to trial. If, in the face of these objections the court insisted upon dismissing the case, the statute required, as I see it, that the court set forth explicit reasons from which it could be concluded that the dismissal was in furtherance of justice. Having failed to do so, and prescribing no tenable reasons whatever why, in the interests of justice, the defendant should not have been tried, the court, in my opinion, was without jurisdiction to order the information dismissed.

We are fond of declaring that ours is a government of laws and not of men. This principle should apply, I think, to the courts as well as to the other branches of government for arbitrary power is a danger to free society wherever it is wielded. This court now rules that judges are endowed with virtually unlimited powers in particular cases to thwart the enforcement of the criminal laws. Upon the basis of this decision, a judge can act upon whim or caprice; he may be motivated by a spirit of enmity toward the prosecuting attorney and friendship toward the accused; he may harbor sentiments benign or malevolent toward one or the other, or—fortunately a most rare possibility—he may act from corrupt motives or hope or promise of reward in ordering a dismissal. Regardless of the trial court's motives, whether sublime and exalted or pernicious

and corrupt, the majority opinion will deprive society of redress after the statute of limitations has run if the dismissed information is for a felony and none at all in case of a misdemeanor.

I would reverse and vacate the order of dismissal and direct that the prosecuting attorney be allowed to bring the case on for trial.