**IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON**

| | |
|---|---|
| STATE OF WASHINGTON, | No. 85956-1-I |
| Appellant, | DIVISION ONE |
| v. | UNPUBLISHED OPINION |
| WAYNE DAVID ANDERSON, | |
| Respondent. | |

FELDMAN, J. — The State of Washington appeals the trial court's order granting Wayne Anderson's motion to dismiss the charges against him based on preaccusatorial delay. Such motions are governed by CrR 8.3(b), which authorizes courts, "in the furtherance of justice" and "after notice and hearing," to "dismiss any criminal prosecution due to arbitrary action or governmental misconduct when there has been prejudice to the rights of the accused which materially affect the accused's right to a fair trial." Critical here, CrR 8.3(b) also states, "The court shall set forth its reasons in a written order." Because the trial court did not adequately set forth its reasons for dismissal, as CrR 8.3(b) requires, we remand for the trial court to comply with this requirement. We therefore do not reach the merits of the State's appeal.

I

In 2020, A.W. (formerly known as A.A.) reported to law enforcement her father raped her in the 1990s. Approximately one month later, the State charged Anderson with rape of child in the first degree. Anderson filed a motion to dismiss the charges pursuant to CrR 8.3(b) based on preaccusatorial delay, arguing the State first learned in the early 2000s that he may have sexually abused A.W. and delayed filing any charges against him until 2020.

The trial court held two hearings to address the motion. At the second hearing, following supplemental briefing and additional argument, the court granted Anderson's motion. The court subsequently entered a written order stating in relevant part, "the above-entitled cause shall be, and it is hereby dismissed with prejudice." The State then filed a motion for reconsideration, which argued the trial court had misapplied CrR 8.3(b) and "relied on mistaken facts" in granting Anderson's motion.

The trial court held another hearing to address the State's motion for reconsideration. Following oral argument, the court stated it would issue its ruling "by letter" and would also review, and possibly interlineate, the State's proposed order. Instead, approximately three weeks later, the court entered a written order stating, "the State's motion for reconsideration of the Court's August 29, 2023, Order of Dismissal is hereby DENIED." The State appeals.

II

Preliminarily, Anderson argues the State did not timely file its notice of appeal and we should dismiss the appeal on that basis. We disagree.

Under RAP 5.2(a), "a notice of appeal must be filed in the trial court within the longer of (1) 30 days after the entry of the decision of the trial court that the party filing the notice wants reviewed, or (2) the time provided in section (e)." Under RAP 5.2(e), the section referenced in RAP 5.2(a)(2), a timely filed motion for reconsideration extends the time to file a notice of appeal until "30 days after the entry of the order" deciding the motion. Here, the trial court entered its order denying the State's motion for reconsideration on October 23, 2023, and the State filed its notice of appeal the next day, well within the 30-day period prescribed by RAP 5.2(e). Thus, the notice of appeal was timely filed.

Anderson takes issue with this analysis. According to Anderson, the rules of criminal procedure do not authorize motions for reconsideration and, thus, the State's motion for reconsideration "was essentially a nullity that had no effect." This argument easily fails. CrR 8.2, entitled "MOTIONS," states: "Rules 3.5 and 3.6 and CR 7(b) shall govern motions in criminal cases. A motion for reconsideration shall be governed by CR 59(b), (e), and (j)." In *State v. Frohs*, 22 Wn. App. 2d 88, 93 n.16, 511 P.3d 1288 (2022), this court likewise noted that CrR 8.2 "provides that CrR 3.5 and CR 7(b) govern criminal motions" and "[m]otions for reconsideration in a criminal case are governed by CR 59(b), (e), and (j)." Thus, contrary to Anderson's argument that the rules of criminal procedure do not authorize motions for reconsideration, the criminal rules incorporate by reference the civil rules regarding motions, including the provisions in CR 59 regarding motions for reconsideration. Such a motion, expressly contemplated by CrR 8.2, cannot properly be considered a "nullity."

Additionally, our cases are replete with instances where a party filed a motion for reconsideration in a criminal matter and the appellate court reviewed the trial court's resulting decision. *See, e.g., State v. Walker*, 17 Wn. App. 2d 275, 280, 485 P.3d 970 (2021); *State v. Englund*, 186 Wn. App. 444, 459, 345 P.3d 859 (2015). Anderson's argument, if accepted, would abrogate these cases and eliminate this procedural mechanism for identifying and correcting trial court error without an appeal. We will not interpret RAP 5.2 or CrR 8.2 to sanction such an absurd result. *See State v. Kelly*, 60 Wn. App. 921, 927, 808 P.2d 1150 (1991) ("Like statutes, court rules are construed to avoid absurd results.").

Because the State timely filed its notice of appeal within the 30-day period prescribed by RAP 5.2(e), we deny Anderson's motion to dismiss the appeal.

III

The State's principal argument on appeal is the trial court erred in granting Anderson's motion to dismiss. We decline to reach this issue because the trial court did not adequately set forth its reasons for dismissal as CrR 8.3(b) requires. We therefore remand for compliance with that mandate.

The dismissal of charges under CrR 8.3(b) is an "'extraordinary remedy.'" *State v. Kone*, 165 Wn. App. 420, 432-33, 266 P.3d 916 (2011) (citing *State v. Rohrich*, 149 Wn. 2d 647, 658, 71 P.3d 638 (2003) (*quoting State v. Baker*, 78 Wn. 2d 327, 332, 474 P.2d 254 (1970)). Consistent with the gravity of such relief, CrR 8.3(b) states, "The court shall set forth its reasons in a written order." The trial court in this case entered two written orders, one granting Anderson's motion to dismiss and the other denying the State's motion for reconsideration. Despite the

clear directive in CrR 8.3(b), neither written order sets forth the trial court's reasons for dismissing the State's charges against Anderson.

Where, as here, the trial court fails to set forth its reasons in a written order, our Supreme Court has directed us to look to the trial court's oral opinion. In *State v. Sonneland*, 80 Wn.2d 343, 350, 494 P.2d 469 (1972), the court affirmed the dismissal of a criminal prosecution under CrR 8.3(b) even though the trial court did not set forth its reasons for dismissal in a written order because "the court's reason for dismissal is fully evident from its oral opinion." While the Supreme Court emphasized, "We do not approve of the order's deficiency, and recommend that similar deficient recitations be avoided in the future," it nonetheless concluded that "no useful purpose would be served, in this case, by remanding the matter solely to complete the formality of providing written reasons." *Id.* at 349-50.

Here, in contrast to *Sonneland*, the trial court's reasons for dismissal are not "fully evident from its oral opinion." Starting with the first requirement to dismiss a criminal prosecution under CrR 8.3(b)—"arbitrary action or governmental misconduct"—the trial court did not set forth its reasons for finding such conduct. At the second hearing regarding Anderson's motion to dismiss, the trial court stated, "I'm really relying on the arbitrary action, not misconduct, because I can't point to a single individual where there is misconduct involved." But the court did not indicate what evidence established such arbitrary action.

Then, in its motion for reconsideration, the State argued "arbitrary action" under CrR 8.3(b) requires "willful and unreasonable action in disregard of facts and circumstances" and no evidence supported such a finding because A.W. did not

disclose the extensive sexual abuse she suffered until 2020. The trial court appears to have found this argument persuasive: at the subsequent hearing regarding the State's motion for reconsideration, the court indicated it would rely on "wrongdoing" rather than arbitrary action, effectively reversing its prior determination that "I can't point to a single individual where there is misconduct involved."

But the court did not set forth its reasons for finding "wrongdoing." Further obscuring the trial court's reasoning, CrR 8.3(b) does not use the term "wrongdoing." While "governmental misconduct" is defined by case law (*see, e.g., State v. Wilson*, 149 Wn.2d 1, 9, 65 P.3d 657 (2003)), the trial court did not explain its use of "wrongdoing." The court may have reasoned that "wrongdoing" and "governmental misconduct" are synonymous, but such reasoning is not "fully evident from its oral opinion" as required by controlling precedent. *Sonneland*, 80 Wn.2d at 350.

Turning to the second requirement to dismiss a criminal prosecution under CrR 8.3(b)—"prejudice to the rights of the accused which materially affect the accused's right to a fair trial"—the trial court's reasons for finding such prejudice also are not fully evident from its oral opinion. At the second hearing regarding Anderson's motion to dismiss, the court found prejudice based on "faded memories" and "lack of reports that survive." But in its ensuing motion for reconsideration, the State submitted evidence that Anderson's counsel had all of the records pertaining to any disclosures by A.W. and no such records had been lost or destroyed.

In response to the State's briefing and corresponding argument on reconsideration, the trial court stated it would "consider what I've received when it comes to the counseling records . . . because part of my decision did rest on that's where we are getting towards the actual prejudice that has to be established." The court added, "there still has to be actual prejudice and that's what I'm weighing now." But despite stating it was considering this new information and "weighing" evidence of alleged prejudice, the court did not subsequently find prejudice or otherwise set forth any reasons for dismissing the State's charges based on such prejudice.

Because the trial court did not set forth its reasons for dismissal in a written order and the court's reasons are not fully evident from its oral opinion, we remand the matter to the trial court to comply with CrR 8.3(b).

IV

Lastly, we briefly address the scope of remand. Despite arguing "[t]he trial court abused its discretion [by] failing to issue a written decision to explain its extraordinary decision to dismiss Anderson's four counts of rape of a child in the first degree charges," the State asserts "remand is improper if solely done so the court can add reasons for its decision." In support of this argument, the State cites *Wilson*, which holds that "a case should not be remanded solely to complete the formality of adding written reasons *where the reasons were clearly evident from the court's oral opinion*." 149 Wn.2d at 9 n.5 (emphasis added). Here, as section III above explains, the reasons for the trial court's decision are not clearly evident from its oral opinion. Thus, remand is warranted so that the trial court can set forth

its reasons in a written order as CrR 8.3(b) requires. Beyond that directive, we express no opinion as to the scope of remand or the merits of the State's principal arguments on appeal.

Vacated and remanded.

Feldman, J.

WE CONCUR:

Díaz, J.

Chung, J.